IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Omar J. Williams, | ) | C/A No. 0:12-2986-CMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Mildred Rivera, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, Omar J. Williams, proceeding *pro se*, brought this action seeking a writ of

habeas corpus pursuant to 28 U.S.C. § 2241.  On January 16, 2013, the respondent filed a motion

to dismiss, or in the alternative, for summary judgment.  (ECF No. 8.)  By order of this court filed

January 17, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was

advised of the dismissal and summary judgment procedures and the possible consequences if he

failed to respond adequately.  (ECF No. 9.)  The petitioner failed to respond to the motion.  As the

petitioner is proceeding *pro se*, the court filed a second order on February 27, 2013, advising the

petitioner that it appeared to the court that he was not opposing the motion and wished to abandon

this action, and giving the petitioner an additional fourteen (14) days in which to file his response

to the respondent's motion for summary judgment.  (ECF No. 14.)  The petitioner was specifically

warned that if he failed to respond, this action would be recommended for dismissal with prejudice

for failure to prosecute.  See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P.

41(b).  In March 2013, both of these orders, which were mailed to the petitioner, were returned to

the Clerk of Court as undeliverable by the United States Postal Service.  (ECF Nos. 16, 17.)

The court notes that when the petitioner filed this action, he was specifically instructed as

follows:

PJG

> You are ordered to always keep the Clerk of Court advised **in writing** . . . if your address changes for any reason, so as to assure that Orders or other matters that specify deadlines for you to meet will be received by you.  If as a result of your failure to comply with this order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this order**.  Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address . . . .  Your failure to do so will not be excused by the court.

(Order, ECF No. 5 at 2-3.)  This order was not returned to the court.  The petitioner has failed to comply with this order, and as a result neither the court nor the respondent has any means of contacting him concerning his case.

## RECOMMENDATION

Based on the foregoing, and the previous instructions and specific warning given to the plaintiff in the court's prior order, the court recommends that this action be dismissed in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.  See also Davis, 558 F.2d at 70; Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (stating that magistrate judge's prior explicit warning that a recommendation of dismissal would result from the petitioner failing to obey his order was proper grounds for the district court to dismiss the suit when the petitioner did not comply despite the warning), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990); Fed. R. Civ. P. 41(b).  In light of the court's recommendation, the court further recommends that any pending motions (ECF No. 8) be terminated.  The Clerk is directed to send this Report and Recommendation to the petitioner at his last known address.

March 14, 2013
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

Page 2 of 3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).